### *EX PARTE* MIDDLETON.

1. LOAN—ADVANCEMENT.—Where a father sent $500 to his son to pay off a debt of the son, who soon thereafter conveyed a house and lot to his wife, and sent his wife's bond for $500, secured by mortgage, to his father, who retained them for several years, the money so sent by the father was a loan and not an advancement.
2. LOAN—PAYMENT.—And the acceptance by the father of this bond and mortgage was an extinguishment of the inferior security which he had held for the money advanced to the son.
3. IBID.—PAYMENT—ADVANCEMENT.— This bond and mortgage were held by the father for eight years, and then surrendered to his daughter-in-law and marked satisfied. Thereafter the father died, directing by his will "that what money I may have advanced from time to time to either of my children shall be deducted from their share of the estate, that all may share equal." *Held*, that in the distribution of the father's estate, this son could not be charged with the said $500 received from his father.

Before WALLACE, J., Anderson, November, 1893.

This was an appeal by S. K. McDonald from decree made in

a proceeding instituted in the Probate Court by W. J. Middleton and H. L. McDonald, as executors of the will of W. H. McDonald, deceased, for a final settlement of their testator's estate.

*Mr. J. E. McDonald*, for appellant.

*Mr. E. B. Murray*, contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. On the 6th of September, 1878, W. H. McDonald, deceased, sent to his son, S. K. McDonald, the appellant, a check for $500, in response to letters from appellant that his house and lot in the town of Winnsboro was about to be sold by a building and loan association for a debt he was due said association. The money was applied to the payment of said indebtedness. On the 10th of September, 1878, S. K. McDonald conveyed the said house and lot to his wife, Maggie F. McDonald. On the same day, Maggie F. McDonald executed her bond for $500 to her father-in-law, W. H. McDonald, and to secure its payment, she executed a mortgage of said house and lot to the said W. H. McDonald. The bond and mortgage were then forwarded to W. H. McDonald, who kept said bond and mortgage in his possession until some time in 1886, when he returned it to his daughter-in-law, Maggie F. McDonald. Thereafter, during the year 1886, W. H. McDonald sent to S. K. McDonald a satisfaction of said mortgage.

On the 3d of October, 1883, W. H. McDonald made his will, in which the following clause appears: "I do further will that what money I may have advanced from time to time to either of my children shall be deducted from their share of the estate, that all may share equal." In making a final division of the estate of W. H. McDonald, the executors sought to charge S. K. McDonald with the $500 as an advancement, but the probate judge before whom the case was tried decided "that the loan to S. K. McDonald was satisfied by accepting the bond and mortgage of his wife, Mrs. Maggie F. McDonald, and that testator having satisfied said bond and mortgage as to her, the

share of her husband, S. K. McDonald, can not be charged with the item of five hundred dollars as an advancement."

The case came on for trial before Hon. W. H. Wallace, presiding judge, on appeal from the decision of the Probate Court, who decided that: "The testimony satisfies me that the five hundred dollars was intended and treated by the testator as an advancement to S. K. McDonald, and that he should account for the same," and reversed the decree of the Probate Court. Appellant's exceptions question the correctness of Judge Wallace's decision.

*First.* The $500, sent by W. H. McDonald to S. K. McDonald, was intended as a *loan.* This is shown by the following facts: W. H. McDonald accepted the bond and mortgage as a security for the payment of the $500, and kept them until 1886; H. L. McDonald testifies: "It," the mortgage, "was given for money borrowed;" S. K. McDonald testifies: "I asked the loan of $500," "I sent my father a mortgage to secure the debt;" Mrs. Maggie McDonald testifies: "I gave the bond and mortgage to my father-in-law, W. H. McDonald, to secure him for money loaned my husband to pay off the indebtedness to the building and loan association." Mr. Thornton, in his work on Gifts and Advancements, says: "If a parent take a note or security from a child for money loaned or otherwise given him, the presumption is that the amount thus loaned or given is a debt, and neither a gift nor an advancement." "If a parent receives such evidence of indebtedness as a promissory note, or if he becomes surety for the child, the presumption is in the favor of a debt." 1 Am. & Eng. Enc. Law, p. 219. "A note given by a child to a parent is presumed to be not an advancement but a debt." Abb. Tr. Evid., 154, cited with approval in *White* v. *Moore,* 51 S. C., 460.

*Second.* The acceptance by the testator of the bond and mortgage as security for the payment of the loan of $500 was an extinguishment, under the circumstances, of the debt against S. K. McDonald. "The differences between the two classes seems to be that the taking of an equal or inferior security raises a question of fact, with the burden of proof on the debtor; while, when a higher security is taken, in

the absence of testimony to the contrary, the law will imply a payment." *Chalmers* v. *Turnipseed*, 21 S. C., 142. See, also, *Pelzer, Rodgers & Co.* v. *Steadman*, 22 S. C., 290; *Gardner* v. *Hust*, 2 Rich., 608; *Chewning* v. *Proctor*, 2 McCord Ch., 15. "The giving of a higher security constitutes the payment of a simple contract debt, unless it is otherwise agreed at the time." 18 Am. & Eng. Enc. Law, 185. "The rule is the same whether the debtor gives his own note or that of another party." *Ibid.*, 171.

There is no testimony rebutting this presumption; on the contrary, it is strengthened by the fact that W. H. McDonald made no demand on S. K. McDonald, but kept the bond and mortgage for a longer time than was necessary to bar the claim by the statute of limitations. The letter of W. H. McDonald does not contain any evidence rebutting this presumption, and is consistent with the theory that the debt against S. K. McDonald was extinguished by the bond and mortgage. The certificate in testator's handwriting can not be said to furnish evidence against this presumption, because the presiding judge decided that it was not competent evidence, and should have been excluded, and the correctness of this ruling is not before this court for consideration.

*Third.* If the testater had retained the bond and mortgage until his death, it certainly could not have been contended for a moment that S. K. McDonald could have been charged with the $500 as an advancement in the settlement of testator's estate. The question, then, is: Did the surrender of the bond and mortgage by the testator to Mrs. Maggie F. McDonald convert the $500, which had been paid by the giving of a higher security, into an advancement against her husband, S. K. McDonald? Whatever may have been the law on this subject prior to the Constitution of 1868, a gift to a daughter-in-law since that time does not become by operation of law an advancement chargeable against her husband in the settlement of his father's estate.

We think the principle governing this case is stated in *Kennedy* v. *Badgett*, 26 S. C., 592–4, in which Mr. Justice McIver says: "It seems that Leannah Kennedy, during her lifetime,

gave off property in unequal portions to her children, which they received at a valuation, to be accounted for in the final settlement of her estate, and by her will gave her entire estate in equal shares to her three daughters, Mrs. Franks, Mrs. Badgett, and Mrs. Bolt, and to her son, N. O. Kennedy, in trust for the use of his wife and children. Assuming that all the property thus given off had been fully accounted for at her death, then it appears that N. O. Kennedy had received more than one-fourth of the whole estate, and each of the three daughters less than that proportion, and the real controversy is whether the wife and children of N. O. Kennedy shall be required to account for the amount received by N. O. Kennedy during the lifetime of Leannah Kennedy, before they can receive anything under the terms of her will. * * * It may be that the conclusion which we have reached may result in favoring the Kennedy family to the prejudice of the interests of the daughters, as it is but reasonable to suppose that his wife and children participated in the use and enjoyment of the property received by him from his mother during her lifetime; but at the same time it may be that his mother, finding that he had, through improvidence or misfortune, dissipated or lost the property which she had previously given to him, for that very reason wished to make some provision for his wife and children. But whatever may be the facts in this respect, such considerations have nothing to do with our present inquiry. If the property belonged to Leannah Kennedy, as has heretofore been determined, she had the right to dispose of it as she might see fit; and if she saw proper to give one-fourth of it to the wife and children of her son, without requiring them to account for what she had previously given to her son, as we think she did under a proper construction of the will, as well as of the former decree in this case, she had a perfect right to do so, and her wishes in this respect must be carried into effect.''

It is the judgment of this court, that the order appealed from be reversed.